**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

CASE NO:

MARK FAILS,

    Plaintiff,

v.

NEW BERN TRANSPORT CORPORATION,
a foreign corporation,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, MARK FAILS ("Plaintiff"), pursuant to *29 U.S.C. § 216(b)*, files the following Complaint against Defendant, NEW BERN TRANSPORT CORPORATION, ("NBTC" or "Defendant"), and alleges as follows:

**INTRODUCTION**

1. Defendant has unlawfully deprived Plaintiff of federal overtime compensation during the course of his employment. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to recover all wages owed to Plaintiff during the course of his employment.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, NBTC, was a foreign corporation headquartered at 1111 Westchester Avenue, White Plains, NY 10604.

4. During all times material hereto, Defendant, NBTC, transacted business throughout Broward and Palm Beach Counties, within the jurisdiction of this Honorable Court.

5. During all times material hereto, Defendant was vested with authority to hire, fire and reprimand its employees, and to oversee and implement pay practices.

6. Defendant was Plaintiff's employer, as defined by *29 U.S.C. § 203(d),* during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

7. Defendant hired Plaintiff to work at its warehouse located at 2121 NW 15th Ave., Pompano Beach, Florida 33069, as well as throughout Broward and Palm Beach Counties.

8. The unlawful pay practices giving rise to this Action took place within the jurisdiction of this Honorable Court.

9. Jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

10. Venue is proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

11. This Honorable Court has supplemental jurisdiction over state law claims pursuant to *28 U.S.C. § 1367(a)*.

## GENERAL ALLEGATIONS

12. Defendant, NBTC, is an exclusive carrier of PepsiCo brand products, and provides transport services for such products throughout Broward and Palm Beach Counties.

## FLSA COVERAGE

13. Defendant, NBTC, is covered under the FLSA through enterprise coverage, as NBTC was engaged in interstate commerce during all pertinent times in which Plaintiff was

employed. More specifically, NBTC was engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant, NBTC's business and Plaintiff's work for NBTC affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

14. During his employment Plaintiff and multiple other employees handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to the following: GPS devices, boxes, crates, packing materials, pens, notepads, papers, computers, cellular telephones, order forms, soda, juices, coffee beverages, plastic, cans, etc.

15. Defendant, NBTC, also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods as those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant, NBTC's business an enterprise covered by the FLSA.

16. Defendant, NBTC, grossed or did business in excess of $500,000.00 per year in the years 2018, 2019, 2020 and is expected to gross in excess of $500,000.00 in 2021.

17. Plaintiff was not exempt under the Motor Carrier Act ("MCA"), as Plaintiff's individual transportation duties did not require him to cross state lines and therefore involve commerce, nor were they reasonably expected to.

18. Upon information and belief, Plaintiff's individual transportation duties were not part of a practical continuous stream of interstate commerce because Plaintiff transported goods that all if not most were manufactured intrastate, and/or sat idle prior to delivery to the final destination.

## PLAINTIFF'S WORK FOR DEFENDANT

19. Plaintiff began working for Defendant on or about March 18, 2020 as a truck driver, and continued to do so until on or about June 4, 2021.

20. Plaintiff's work required him to complete scheduled delivery routes throughout the Broward and Palm Beach Counties.

21. Plaintiff's scheduled delivery routes stayed within the state of Florida.

22. During Plaintiff's employment, he regularly worked over forty (40) hours per week.

23. When Plaintiff worked over forty (40) hours per week, his overtime wages were calculated under the fluctuating work week ("FWW") method of overtime compensation.

24. Using the FWW method, Defendant calculated overtime wages for Plaintiff by (a) dividing Plaintiff's wages for that week by the number of hours worked that week, thereby arriving at the hourly rate; and then (b) dividing that hourly rate in half to arrive at the amount to be paid per hour for any overtime work in excess of forty (40) hours per week.

25. However, Defendant failed to meet all requirements to utilize the FWW method to calculate overtime wages for Plaintiff during his employment period.

26. Defendant failed to pay Plaintiff a fixed salary for each week regardless of the number of hours he worked, as required by 29 C.F.R. § 778.114. Instead, the amount of base salary Plaintiff received each week varied during his employment.

27. Further, during his entire employment period, Defendant paid Plaintiff other forms of pay in addition to the weekly base salary, such as non-discretionary commissions, holiday pay, "extra days pay," etc.

28. Indeed, until August 7, 2020, such payments were deemed by the U.S. Department of Labor ("DOL") to be "incompatible with the fluctuating work week method of computing


overtime." *See* Fluctuating Workweek Method of Computing Overtime Under 29 C.F.R. § 778.114, 76 Fed. Reg. 18832, 18848-50 (Apr. 5, 2011).[1]

29. Therefore, Defendant failed to pay Plaintiff his properly calculated overtime wages for all hours of work performed in excess of forty (40) per week during his employment period.

30. Defendant's actions were intentional and/or willful, and Plaintiff is therefore entitled to an additional amount of liquidated (double) damages for minimum wages and overtime wages owed.

31. Based upon Defendant's intentional and/or willful violations of the FLSA, the three (3) year statute of limitations applies instead of the two (2) year statute of limitations.

32. As a result of the above violations of federal law, Plaintiff has had retain the undersigned counsel to prosecute these claims and is therefore entitled to an award of reasonable attorney's fees and costs under the FLSA.

**COUNT I – FEDERAL OVERTIME LAW VIOLATIONS – 29 U.S.C. § 207**

33. Plaintiff re-avers and re-alleges Paragraphs 1 through 21 above, as though fully set forth herein.

34. Defendant engaged in a pattern, policy, and practice of violating the FLSA.

35. Plaintiff performed work in excess of forty (40) hours per week for which was not paid his properly calculated overtime wages, to which he was entitled under the FLSA.

36. Defendant's failure to comply with the federal overtime provisions of the FLSA was intentional and/or willful.

---

[1] On May 20, 2020, the DOL released its final rule revising the "bonus rule" to allow payment of bonuses and additional pay, such as commissions and hazard pay, while utilizing the fluctuating workweek method. This went into effect on August 7, 2020, and is codified in 29 C.F.R. § 778.114.

37. As a result of Defendant's intentional and/or willful refusal to remedy its violations of the FLSA, Plaintiff is entitled to recover unliquidated damages, liquidated damages, court costs and reasonable attorney's fees.

WHEREFORE, Plaintiff, MARK FAILS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, NEW BERN TRANSPORT CORPORATION, and award: (a) unliquidated damages; (b) liquidated damages; (c) reasonable attorney's fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## COUNT II - BREACH OF CONTRACT FOR UNPAID WAGES

38. Plaintiff re-avers and re-alleges Paragraphs 1 through 32 above, as though fully set forth herein.

39. Defendant promised to pay Plaintiff a fixed salary per week, regardless of the number of hours worked in the work week, plus commissions based on the number of cases he delivered.

40. Plaintiff agreed to work for Defendant in consideration of being paid a fixed salary per week, regardless of the number of hours worked in the work week, plus commissions based on the number of cases he delivered.

41. Defendant failed to pay Plaintiff a fixed salary per week regardless of the number of hours he worked that week.

42. Instead, Defendant reduced or changed Plaintiff's base salary from week to week throughout his employment.

43.     Defendant's failure to pay Plaintiff a fixed salary per week during one or more work weeks of his employment constitutes a breach of contract for which Plaintiff is owed unpaid wages under Florida law.

44.     Plaintiff has incurred damages as a result of Defendant's breach.

45.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs pursuant to Fla. Stat. § 448.08.

WHEREFORE, Plaintiff, MARK FAILS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, NEW BERN TRANSPORT CORPORATION, and award Plaintiff: (a) unpaid wages: (b) all reasonable attorney's fees and costs as permitted under Fla. Stat. § 448.08, and any and all such further relief that this Court may deem just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, MARK FAILS, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 25th day of June 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS- JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Mark Fails*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 25th day of June 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: